IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOWELL FINLEY,

        Plaintiff,                  CV F 05 0653 LJO WMW P

        vs.                             ORDER DISMISSING COMPLAINT
                                            WITH LEAVE TO AMEND

R. CORLEY, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the original complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Solano, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Pleasant Valley State Prison.

        Plaintiff claims that Defendants have denied him access to the courts. Specifically, Plaintiff alleges that defendants prohibited his legal mail from being sent.

        **In 2004, Plaintiff filed a civil action against prison officials at Pleasant Valley State Prison.  The action was filed in Fresno County Superior Court, and removed to the U.S. District Court for the Eastern District of California.**

**In February 2004, Plaintiff sent to the Fresno County Sheriff's Department a copy of the summons and complaint. In March of 2004, the Sheriff's Department effected service upon five of the seven defendants. The remaining defendants were not served due to lack of identifying and locating information.**

**Plaintiff was also litigating two other lawsuits at this time. Both lawsuits were proceeding in the Superior Court of the State of California.[1] In March 2004, plaintiff attempted to mail documents regarding service of the summons and complaint in <u>Finley v. Stone</u>. Plaintiff alleges that each time he attempted to do this, Defendants Rael and Corley would reject the mail. The mail was rejected on various grounds: Failure to meet the criteria for legal mail; exceeding the weekly allotment of confidential letters for indigent inmates; exceeding weight restrictions. Plaintiff also alleges that "the mailroom" also redesignated Plaintiff's legal mail as confidential mail.[2]**

**In May 2004, the superior court issued an order to show cause why sanctions should not be imposed for Plaintiff's failure to effect service of process. In April 2004, Plaintiff was transferred to Folsom State Prison. In May of 2004, Plaintiff was able to mail the documents, and the defendants were served. The lawsuit at issue, <u>Finley v. Stone</u>, was eventually dismissed on other grounds.**

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977). Under prior law, <u>Bounds</u> was treated as establishing "core requirements," such that a prisoner

---

[1] <u>Finley v. Stone</u>, case no. BL6002710 and <u>Finley v. Jones</u>, 04CECL 01648. Plaintiff does not indicate where he filed these suits.

[2] Plaintiff attaches numerous documents as exhibits to his complaint. Plaintiff's exhibits include a response to his inmate grievance, indicating that mail sent to Sheriff's Departments is not considered legal mail. Mail sent to a court is considered legal mail.

alleging deprivation of the <u>Bounds</u> minima need not allege actual injury to state a constitutional claim.  <u>Sands v. Lewis</u>, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element.  <u>Casey v. Lewis</u>, 518 U.S.343  (1996).

To establish a <u>Bounds</u> violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.  <u>Casey</u>, <u>supra</u>, 518 U.S. 343, 347.  The right of access does not require the State to "enable the prisoner to <u>discover</u> grievances" or to "<u>litigate effectively</u> once in court."  The <u>Casey</u> Court further limits the right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... <u>Bounds</u> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

<u>Casey</u>, <u>supra</u>, 518 U.S. at 346.

Here, Plaintiff fails to allege facts that indicate actual injury.  Though Plaintiff does allege conduct that made it more difficult for him to prosecute his actions, he does not allege that his lawsuit was dismissed as a result of Defendants' conduct.  Plaintiff has not allege facts that indicate actual injury as that term is described above.  The complaint must therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

1 there is some affirmative link or connection between a defendant's actions and the claimed
2 deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
3 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

4       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
5 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
6 amended complaint be complete in itself without reference to any prior pleading. This is
7 because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux</u>
8 <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
9 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
10 original complaint, each claim and the involvement of each defendant must be sufficiently
11 alleged.

12       In accordance with the above, IT IS HEREBY ORDERED that:
13       1. Plaintiff's complaint is dismissed; and
14       2. Plaintiff is granted thirty days from the date of service of this order to file a
15 first amended complaint that complies with the requirements of the Civil Rights Act, the Federal
16 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
17 docket number assigned this case and must be labeled "First Amended Complaint." Failure to
18 file an amended complaint in accordance with this order will result in a recommendation that this
19 action be dismissed.

21 IT IS SO ORDERED.

22 **Dated:   August 6, 2007**           /s/  **William M. Wunderlich**
                                                         UNITED STATES MAGISTRATE JUDGE