IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOWELL FINLEY,

      Plaintiff,                          CV F 05 0653 LJO WMW P

      vs.                               ORDER DISMISSING
                                         FIRST AMENDED COMPLAINT
                                         WITH LEAVE TO AMEND

R. CORLEY, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on August 23, 2007, first amended complaint, filed in response to an order dismissing the original complaint with leave to amend. Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Pleasant Valley State Prison.

      Plaintiff claims that Defendants have denied him access to the courts. Specifically, Plaintiff alleges that defendants prohibited his legal mail from being sent.

      In the order dismissing the original complaint, the Court noted the following. In 2004, Plaintiff filed a civil action against prison officials at Pleasant Valley State Prison. The action

was filed in Fresno County Superior Court, and removed to the U.S. District Court for the Eastern District of California.

In February 2004, Plaintiff sent to the Fresno County Sheriff's Department a copy of the summons and complaint. In March of 2004, the Sheriff's Department effected service upon five of the seven defendants. The remaining defendants were not served due to lack of identifying and locating information.

Plaintiff was also litigating two other lawsuits at this time. Both lawsuits were proceeding in the Superior Court of the State of California.[1] In March 2004, plaintiff attempted to mail documents regarding service of the summons and complaint in Finley v. Stone. Plaintiff alleges that each time he attempted to do this, Defendants Rael and Corley would reject the mail. The mail was rejected on various grounds: Failure to meet the criteria for legal mail; exceeding the weekly allotment of confidential letters for indigent inmates; exceeding weight restrictions. Plaintiff also alleges that "the mailroom" also redesignated Plaintiff's legal mail as confidential mail.[2]

In May 2004, the superior court issued an order to show cause why sanctions should not be imposed for Plaintiff's failure to effect service of process. In April 2004, Plaintiff was transferred to Folsom State Prison. In May of 2004, Plaintiff was able to mail the documents, and the defendants were served. The lawsuit at issue, Finley v. Stone, was eventually dismissed on other grounds.

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from

---

[1] Finley v. Stone, case no. BL6002710 and Finley v. Jones, 04CECL 01648. Plaintiff does not indicate where he filed these suits.

[2] Plaintiff attaches numerous documents as exhibits to his complaint. Plaintiff's exhibits include a response to his inmate grievance, indicating that mail sent to Sheriff's Departments is not considered legal mail. Mail sent to a court is considered legal mail.

1  persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under prior law,
2  Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation
3  of the Bounds minima need not allege actual injury to state a constitutional claim.  Sands v.
4  Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such
5  approach, however, providing that all inmate claims for interference with access to the court
6  include "actual injury" as an element.  Casey v. Lewis, 518 U.S.343  (1996).

7       To establish a Bounds violation, a prisoner must show that his prison's law library or legal
8  assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.  Casey,
9  supra, 518 U.S. 343, 347.  The right of access does not require the State to "enable the prisoner to
10 discover grievances" or to "litigate effectively once in court."  The Casey Court further limits the
11 right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, supra, 518 U.S. at 346.

   In the order dismissing the original complaint, Plaintiff failed to allege facts that indicate actual injury.  Though Plaintiff did allege conduct that made it more difficult for him to prosecute his actions, he did not allege that his lawsuit was dismissed as a result of Defendants' conduct.  Plaintiff did not allege facts that indicate actual injury as that term is described above.  The complaint was therefore be dismissed.

   In the first amended complaint, Plaintiff does not allege facts that indicate actual injury.  Plaintiff attaches as an exhibit to his complaint a document indicating that an order to show cause was issued regarding service of the defendants at issue.  Plaintiff does not, however, allege

that his action was actually dismissed on that ground.

In the first amended complaint, Plaintiff claims that he was retaliated against for filing his lawsuits. Plaintiff alleges generally that "defendants" took action that was retaliatory in nature. Plaintiff makes the conclusory allegation that the denial of access to the courts was motivated by a desire to deprive Plaintiff of his rights.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, the first amended complaint fails to allege facts sufficient to state a claim for retaliation. Plaintiff levels a generalized claim that defendants retaliated against him by interfering with his attempts to prosecute his civil cases. Plaintiff does not, however, charge each individual defendant with specific conduct that constitutes retaliation as that term is defined above. The first amended complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   January 14, 2008**             /s/  **William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE